IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| CARLOS J. STANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-00618-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN KASCHAUER, HOMESTEAD POLICE DEPT., | ) ) ) | |
| | ) | |
| Defendants, | ) ) | |

**MEMORANDUM ORDER**

Pro se plaintiff Carlos J. Stanford initiated the instant civil rights action in this court on April 28, 2020 while he was incarcerated at Allegheny County Jail and was granted leave to proceed in forma pauperis. (ECF No. 4). Plaintiff was ordered to keep the Court advised of his current address at all times throughout this litigation and was specifically ordered to notify the Court in writing as to any and all address changes, including all temporary transfers to another jail or prison or facility and that Plaintiff's failure to do so would result in dismissal of this action. (ECF No. 4). Plaintiff's complaint concerns alleged violations of his civil rights pursuant to 42 U.S.C. 1983 in connection with Plaintiff being removed from a bar for being intoxicated and the defendant police officer allegedly breaking Plaintiff's left arm. (ECF No. 5). The court directed service of the complaint by the United States Marshal (ECF No. 8). After service was effected on the Defendants, they filed a motion to dismiss on October 8, 2020. (ECF No. 15). The Court thereafter entered orders and mailed them to Plaintiff's address of record. Both orders were returned undelivered to Plaintiff as "Return to Sender" and "released." (ECF No. 21). Thereafter, the Court entered a show cause order ordering Plaintiff to show cause as to why this case should not be dismissed for failure to provide the Court with an updated address by December 18, 2020.

The Court informed Plaintiff that his failure to respond to the show cause order would result in the action being dismissed for failure to prosecute. Although it was under no obligation to, in the interests of justice, the Court undertook significant lengths to locate Plaintiff's whereabouts by referring to the inmate locator, conferring with defense counsel who had been in contact with Allegheny County Jail to provide the Court with Plaintiff's forwarding address from his release from Allegheny County Jail. Id. It sent the show cause order to the address that Plaintiff provided to the jail as his forwarding address. As of this date, Plaintiff has not responded to the show cause order, has taken no action in this case and has not attempted to contact Chambers.

A plaintiff's failure to comply with court orders may constitute a failure to prosecute the action, rendering the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as adjudication on the merits.

Fed. R. Civ. P. 41(b).

By its plain terms, a district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) on motion of a defendant, for failure to comply with an order of the court. A federal court also has the inherent authority to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Mindek v. Rigatti,* 964 F.2d 1369 (3d Cir. 1992) (dismissal was appropriate response to deliberate defiance of court orders where district court judge determined that no other sanction would

adequately insure future compliance). *See also Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link* 370 U.S. at 630–31).

In determining whether to dismiss an action for failure to prosecute, the court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994). These factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. *Poulis* does not, however, "provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed" by the Court of Appeals for the Third Circuit. *Mindek*, 964 F.2d at 1373.

Rather, the decision is committed to the sound discretion of the trial court, *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 230 (3d Cir. 1998), and a great deal of deference will be given the district court which is in the best position to weigh all of the *Poulis* factors and any other pertinent matters. *Mindek*, 964 F.2d at 1373 ("the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.").

Moreover, the Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373; s*ee also Allen v. American Fed. of Gov't Emp.*, 317 Fed. Appx. 180, 181 (3d Cir. 2009) (district court did not abuse its discretion in dismissing complaint without explicitly weighing the *Poulis* factors when plaintiff failed to file an amended complaint as ordered by the court).

With the above principles as our guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1)     The extent of the party's personal responsibility.  The court notes that the plaintiff is proceeding *pro se*.  Hence, he bears sole responsibility for the failure to respond to the show cause order, file any response to the motions to dismiss and failure to move the Court for yet more additional time or otherwise communicate with the Court.  Therefore, this favor weighs in favor of dismissal.

(2)     Prejudice to the adversary. Plaintiff's failure to respond to Defendants' compelling dispositive motion obviously prejudices defendants, who remain in limbo and must continue to endure the uncertainty associated with this type of litigation. While the prejudice would not appear to be overwhelming, this factor weighs in favor of dismissal.

(3)     History of dilatoriness. Other than his failure to respond to the motion to dismiss and Show Cause order, there has not been much occasion for dilatoriness. Thus, this factor is not highly significant, although it certainly indicates that Plaintiff has lost interest in his action.  This factor therefore weighs slightly in favor of dismissal.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith. In the absence of any communication from Plaintiff or response to the dispositive motion, it is not

possible to determine if the failure to respond was willful or in bad faith. Thus, this factor is a neutral consideration.

(5) Effectiveness of sanctions other than dismissal. If Plaintiff has in fact lost interest in pursuing his case, which would appear to be the case, it seems there is little else to do. His civil action has been challenged by a compelling motion to dismiss and brief in support, and yet he has not responded to this real threat of dismissal. This factor therefore weighs in favor of dismissal.

(6) Meritoriousness of the claim or defense. Plaintiff faces some major obstacles in his lawsuit, including that the complaint lacks factual content to allow the court to draw reasonable inferences that defendants are liable for misconduct or to support the claims of constitutional violations, that they were personally involved in the events, and Plaintiff's failure to show a policy, practice or custom that would support municipal as opposed to supervisory liability. This factor therefore weighs in favor of dismissal.

At least four of the six *Poulis* factors weigh strongly in favor of dismissal and there are none that would favor additional delay.

For all the foregoing reasons, this action will be dismissed with prejudice for failure to prosecute and the following Order is entered:

**AND NOW**, this 5th day of January 2021,

**IT IS HEREBY ORDERED** that this action is hereby DISMISSED WITH PREJUDICE for Plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss the Complaint (ECF No. 15) is DISMISSED as moot.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge